**FILED**

**MARCH 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 1817**

| | | |
|---|---|---|
| ANTHONY DAVIS, | | |
| | **Plaintiff,** | No. |
| v. | | |
| SAATI AMERICAS, | | **Jury Trial Requested** |
| | **Defendant.** | |

**JUDGE DARRAH
MAGISTRATE JUDGE KEYS**

**COMPLAINT**

NOW COMES Plaintiff, ANTHONY DAVIS, by his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, SAATI AMERICAS, states as follows:

**PRELIMINARY STATEMENT**

1.     This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.     Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.     Plaintiff, ANTHONY DAVIS, is an African-American citizen of the United States who resides in Illinois.

5.      Defendant, SAATI AMERICAS, is a privately held entity.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

6.      Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7.      Plaintiff began working for Defendant as a Chemical Filler in November 2000.

8.      Throughout his seven and one-half (7.5) year career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations and raises, and any assertion to the contrary is a pretext for discrimination.

9.      Throughout his career, Plaintiff has been assigned to the Mt. Prospect and Schaumburg locations.  During this period, Plaintiff was the only African-American Chemical Filler employed at these locations.

10.      Beginning in 2006, Plaintiff's supervisor, Jon Fetchko, Production Manager, has held Plaintiff to a higher standard in the terms and conditions of his employment than his similarly situated non-African American co-workers, including but not limited to Jon Crum, Jay Danscher, Benny, Carmen, and Alfredo.  Examples of such disparate treatment follow.

11.      Since 2006, Defendant has harassed Plaintiff in a manner that was detrimental to his professional career with Defendant by scrutinizing Plaintiff's daily activities and routinely criticizing him for minor or non-existent errors in a manner not afforded to his non-African-American co-workers.

12.      In 2007, the disparate scrutiny imposed on Plaintiff resulted in the issuance of discipline against Plaintiff based on the actions of non-African-American employees whom Plaintiff

did not have the authority to supervise their activities.

13. In September 2007, Defendant assigned Plaintiff to the production area with Roberto, a non-African American employee; and a temporary employee.

14. Plaintiff's task on this project was to fill a chemical container and pass the remains to the other individuals in the production area, who would clean the container and mark it with a hazard label. While Plaintiff properly performed his tasks, the two (2) other individuals did not properly clean or mark the containers.

15. Despite Plaintiff properly completing his tasks, Defendant issued Plaintiff a written warning for these errors. In contrast, Defendant did not issue warnings or any other substantive discipline to Roberto, a non-African American employee assigned to this task who committed the infraction.

16. Similarly, in December 2007, Defendant once again issued a written warning to Plaintiff for the mistakes of new and temporary employees, such as failing to place labels on chemical products. Defendant issued Plaintiff this discipline despite not giving him any supervisory authority to manage these individuals' activities.

17. In contrast to Plaintiff, Defendant did not discipline Plaintiff's similarly situated non-African-American co-workers Carmen and Alfredo for the mistakes of new and temporary workers.

18. In a meeting with Production Supervisor Fetchko on March 6, 2008, Defendant terminated Plaintiff's employment for the purported reason that the "company is going in another direction."

19. On information and belief, Defendant replaced Plaintiff with Alfredo and Carmen, two (2) non-African American individuals that Plaintiff had previously been asked to train.

20. The aforementioned acts and omissions of Defendant constitute intentional

3

discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

21.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY DAVIS, prays for judgment against Defendant and respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole ANTHONY DAVIS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to ANTHONY DAVIS;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

22.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in

this complaint.

                                        Respectfully submitted,
                                        ANTHONY DAVIS, Plaintiff,


                                By:  s/Lisa Kane_____
                                        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

**08 C 1817**

## Verification

I, ANTHONY DAVIS, declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2008.

JUDGE DARRAH
MAGISTRATE JUDGE KEYS

_Anthony J Davis_

ANTHONY DAVIS