**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY DAVIS,** | |
| **Plaintiff,** | **No. 08 C 1817** |
| **v.** | **Hon. John W. Darrah**<br> **Judge Presiding** |
| **SAATI AMERICAS,** | **Magistrate J. Keys** |
| **Defendant.** | **Jury Trial Requested** |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, ANTHONY DAVIS, by his counsel, LISA KANE &

ASSOCIATES, P.C., and complaining of Defendant, SAATI AMERICAS, states as follows:

**PRELIMINARY STATEMENT**

1.      This action seeks redress for the violation of rights guaranteed to Plaintiff by 42

U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's

discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and

28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981

and 42 U.S.C. § 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and

2202.

**VENUE**

3.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

## PARTIES

4.      Plaintiff, ANTHONY DAVIS, is an African-American citizen of the United States who resides in Illinois.

5.      Defendant, SAATI AMERICAS, is a privately held entity.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 13, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on April 9, 2008, which Plaintiff received on April 10, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I – 42 U.S.C. § 1981- RACE DISCRIMINATION

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Plaintiff began working for Defendant as a Chemical Filler in November 2000.

9.      Throughout his seven and one-half (7.5) year career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations and raises, and any assertion to the contrary is a pretext for discrimination.

10.      Throughout his career, Plaintiff has been assigned to the Mt. Prospect and

2

Schaumburg locations.  During this period, Plaintiff was the only African-American Chemical Filler

employed at these locations.

11.     Beginning in 2006, Plaintiff's supervisor, Jon Fetchko, Production Manager, has held

Plaintiff to a higher standard in the terms and conditions of his employment than his similarly

situated non-African American co-workers, including but not limited to Jon Crum, Jay Danscher,

Benny, Carmen, and Alfredo.  Examples of such disparate treatment follow.

12.     Since 2006, Defendant has harassed Plaintiff in a manner that was detrimental to his

professional career with Defendant by scrutinizing Plaintiff's daily activities and routinely criticizing

him for minor or non-existent errors in a manner not afforded to his non-African-American co-

workers.

13.     In 2007, the disparate scrutiny imposed on Plaintiff resulted in the issuance of

discipline against Plaintiff based on the actions of non-African-American employees whom Plaintiff

did not have the authority to supervise their activities.

14.     In September 2007, Defendant assigned Plaintiff to the production area with Roberto,

a non-African American employee; and a temporary employee.

15.     Plaintiff's task on this project was to fill a chemical container and pass the remains

to the other individuals in the production area, who would clean the container and mark it with a

hazard label.  While Plaintiff properly performed his tasks, the two (2) other individuals did not

properly clean or mark the containers.

16.     Despite Plaintiff properly completing his tasks, Defendant issued Plaintiff a written

warning for these errors.  In contrast, Defendant did not issue warnings or any other substantive

discipline to Roberto, a non-African American employee assigned to this task who committed the

infraction.

3

17.     Similarly, in December 2007, Defendant once again issued a written warning to Plaintiff for the mistakes of new and temporary employees, such as failing to place labels on chemical products. Defendant issued Plaintiff this discipline despite not giving him any supervisory authority to manage these individuals' activities.

18.     In contrast to Plaintiff, Defendant did not discipline Plaintiff's similarly situated non-African-American co-workers Carmen and Alfredo for the mistakes of new and temporary workers.

19.     In a meeting with Production Supervisor Fetchko on March 6, 2008, Defendant terminated Plaintiff's employment for the purported reason that the "company is going in another direction."

20.     On information and belief, Defendant replaced Plaintiff with Alfredo and Carmen, two (2) non-African American individuals that Plaintiff had previously been asked to train.

21.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

22.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY DAVIS, prays for judgment against Defendant and respectfully requests that this Court:

A.      Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.      Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.      Order Defendant to make whole ANTHONY DAVIS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.      Order Defendant to pay lost, foregone, and future wages to ANTHONY DAVIS;

F.      Grant Plaintiff his attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**COUNT II – TITLE VII - RACE DISCRIMINATION**

23.     Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

24.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

25.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANTHONY DAVIS, prays for judgment against Defendant and

respectfully requests that this Court:

A.    Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.    Order Defendant to make whole ANTHONY DAVIS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.    Order Defendant to pay lost, foregone, and future wages to ANTHONY DAVIS;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

26.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
ANTHONY DAVIS, Plaintiff,


By:  s/Lisa Kane
        Lisa Kane, Attorney for Plaintiff


LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSIC

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Anthony J. Davis
1101 N. Lorel
Chicago, IL 60651

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7000 1670 0012 6742 7882

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03940 | Pamela Pribble, Investigator Support Asst | (312) 886-7491 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

4-9-08
(Date Mailed)

Enclosures(s)

cc:   SAATIAMERICAS

RECEIVED
APR - 1 2008

RECEIVED
APR - 1 2008

RECEIVED
APR 1 0 2008