IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1817 |
| | ) | |
| SAATI AMERICAS, | ) | Judge Darrah |
| | ) | Magistrate Judge Keys |
| Defendant. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COMES Defendant, SAATI AMERICAS, by and through its attorneys, Craig R. Annunziata and Nesheba M. Kittling of Fisher & Phillips LLP, and answers the First Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). Defendant denies that it violated any of the provisions of Section 1981 or Title VII and further denies any liability.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C.

§ 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 for jurisdictional purposes only. Defendant, however, denies that Plaintiff is entitled to any relief whatsoever.

### VENUE

3. Venue is proper under 28 U.S.C. § § 1391(b)(1) and (2).

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 for jurisdictional purposes only.

### PARTIES

4. Plaintiff, ANTHONY DAVIS, is an African-American citizen of the United States who resides in Illinois.

**ANSWER:** Defendant admits that Plaintiff Anthony Davis is an African-American citizen of the United States. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegation contained in Paragraph 4.

5. Defendant, SAATI AMERICAS, is a privately held entity. At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

**ANSWER:** Defendant admits the allegations contained in Paragraph 5.

### PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on March 13, 2008. The EEOC issued

Plaintiff a Notice of Right to Sue on April 9, 2008, which Plaintiff received on April 10, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**   Defendant is without knowledge or information to form a belief as to whether Plaintiff received the Right to Sue Notice on April 10, 2008 or whether Plaintiff has initiated this action within said ninety (90) day period.  Defendant admits the remaining allegations contained in Paragraph 6.

### COUNT I – 42 U.S.C. § 1981 – RACE DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**   Defendant incorporates its answers to Paragraphs 1 – 6 by reference as if fully set forth herein.

8. Plaintiff began working for Defendant as a Chemical Filler in November 2000.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 8.

9. Throughout his seven and one-half (7.5) year career with Defendant, Plaintiff has performed to Defendant's reasonable satisfaction at any [sic] times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations and raises, and any assertion to the contrary is a pretext for discrimination.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 9.

10. Throughout his career, Plaintiff has been assigned to the Mt. Prospect and Schaumburg locations.  During this period, Plaintiff was the only African-American Chemical Filler employed at these locations.

**ANSWER:** Complainant denies that Plaintiff was a Chemical Filler. Defendant admits the remaining allegations contained in Paragraph 10.

11. Beginning in 2006, Plaintiff's supervisor, Jon [sic] Fetchko, Production Manager, has held Plaintiff to a higher standard in the terms and conditions of his employment than his similarly situated non-African American co-workers, including but not limited to Jon Crum, Jay Danscher, Benny, Carmen, and Alfredo. Examples of such disparate treatment follow.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11.

12. Since 2006, Defendant has harassed Plaintiff in a manner that was detrimental to his professional career with Defendant by scrutinizing Plaintiff's daily activities and routinely criticizing him for minor or non-existent errors in a manner not afforded to his non-African-American co-workers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

13. In 2007, the disparate scrutiny imposed on Plaintiff resulted in the issuance of discipline against Plaintiff based on the actions of non-African-American employees whom Plaintiff did not have the authority to supervise their activities.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14. In September 2007, Defendant assigned Plaintiff to the production area with Roberto, a non-African American employee; and a temporary employee.

**ANSWER:** Defendant denies that Roberto was a temporary employee. Defendant admits the remaining allegations contained in Paragraph 14.

15. Plaintiff's task on this project was to fill a chemical container and pass the remains to the other individuals in the production area, who would clean the container and mark

it with a hazard label. While Plaintiff properly performed his tasks, the two (2) other individuals did not properly clean or mark the containers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15.

16. Despite Plaintiff properly completing his tasks, Defendant issued Plaintiff a written warning for these errors. In contrast, Defendant did not issue warnings or any other substantive discipline to Roberto, a non-African American employee assigned to this task who committed the infraction.

**ANSWER:** Defendant admits that it issued a written warning to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 16.

17. Similarly, in December 2007, Defendant once again issued a written warning to Plaintiff for the mistakes of new and temporary employees, such as failing to place labels on chemical products. Defendant issued Plaintiff this discipline despite not giving him any supervisory authority to manage these individuals' activities.

**ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18. In contrast to Plaintiff, Defendant did not discipline Plaintiff's similarly situated non-African-American co-workers Carmen and Alfredo for the mistakes of new and temporary workers.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18.

19. In a meeting with Production Supervisor Fetchko on March 6, 2008, Defendant terminated Plaintiff's employment for the purported reason that the "company is going in another direction."

**ANSWER:** Defendant admits that it terminated Plaintiff's employment on or about March 6, 2008. Defendant denies the remaining allegations contained in Paragraph 19

20.     On information and belief, Defendant replaced Plaintiff with Alfredo and Carmen, two (2) non-African American individuals that Plaintiff had previously been asked to train.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 20.

21.     The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 21.

22.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 22.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY DAVIS, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race.

C. Order Defendant to make a whole ANTHONY DAVIS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to ANTHONY DAVIS;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public lawsuit.

**ANSWER:** Defendant denies that Plaintiff is entitled to any damages, or that he is entitled to the specific relief sought in the foregoing prayer for relief.

## COUNT II – TITLE VII – RACE DISCRIMINATION

23. Paragraphs one (1) through twenty (20) are incorporated by reference as if fully set out herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 – 20 by reference as if fully set forth herein.

24. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY DAVIS, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race.

C. Order Defendant to make a whole ANTHONY DAVIS by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to ANTHONY DAVIS;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public lawsuit.

**ANSWER:**　　Defendant denies that Plaintiff is entitled to any damages, or that he is entitled to the specific relief sought in the foregoing prayer for relief.

## JURY TRIAL DEMAND

22.　　Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**　　Defendant admits that Plaintiff is requesting a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims and/or damages are barred to the extent he failed to mitigate his alleged damages.

### SECOND DEFENSE

Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant or to avoid harm otherwise.

### THIRD DEFENSE

Defendant is insulated from liability for alleged discrimination and/or harassment because Defendant has adopted and enforced an anti-discrimination/no-harassment policy, and Defendant neither knew nor had any reason to know the alleged acts or admissions complained of in this case.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that the acts alleged are in whole or in part outside the scope of employment.

## FIFTH DEFENSE

Defendant may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, physical conditions, and/or alternative concurrent cause which may not be the result of any act or omission of Defendant.

## SIXTH DEFENSE

To the extent that Plaintiff's claims were not included within an administrative charge of discrimination filed with the EEOC and were neither investigated nor conciliated by the EEOC, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that the acts alleged, in whole or in part, are preempted by the Illinois Workers' Compensation Act.

    __/s/ Nesheba M. Kittling_____
    One of the Attorneys for Defendant

Craig R. Annunziata
Nesheba M. Kittling
FISHER & PHILLIPS LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061
(312) 346-3179

## **CERTIFICATE OF SERVICE**

I, Nesheba M. Kittling, one of the attorneys for Defendant, caused to be served a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** to the following party:

Lisa Kane
Lisa Kane & Associates, P.C.
120 S. LaSalle Street
Suite 1420
Chicago, IL 60603

via electronic court filing, from 140 South Dearborn Street, Chicago, Illinois, 60603, on April __, 2008.

/s/     Nesheba M. Kittling