**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1817 |
| | ) | District Judge John W. Darrah |
| SAATI AMERICAS, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Defendant Saati Americas ("Saati" or "Defendant) pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moves this Court to enter the attached Agreed Protective Order for the purpose of maintaining the confidentiality of certain business records and personnel documents. The parties agreed to the terms of the attached Agreed Protective Order on or about July 16, 2008.

Dated:  July 16, 2008                                            **SAATI AMERICAS**


                                                                              BY: /s/ Sara A. Weinberg
                                                                                    Sara A. Weinberg

James F. Botana
Sara A. Weinberg
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, Illinois 60654
Tel: (312) 787-4949
Fax: (312) 787-4995
Email: botanaj@jacksonlewis.com
            weinbers@jacksonlewis.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filings to the following:

Lisa Kane
Lisa Kane & Associates, P.C.
120 S. LaSalle Street
Suite 1420
Chicago, IL  60603


/s/ Sara A. Weinberg
Sara A. Weinberg

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1817 |
| | ) | District Judge John W. Darrah |
| SAATI AMERICAS, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with respect to the confidentiality of certain records received in discovery in this action by Plaintiff Anthon Davis ("Davis") and Saati Americas ("Saati"), and upon the stipulation of the undersigned parties,

IT IS HEREBY ORDERED:

1.      This Order shall be applicable to and govern the handling of all disclosures, documents (whether paper or electronic), interrogatory responses, admissions, affidavits, declarations, testimony and other information, including all copies, excerpts, and summaries thereof ("Discovery Materials") designated as "Confidential" ("Confidential Material") produced, given or filed during discovery and other proceedings in this action, and shall also refer to the information contained in such Confidential Material.

2.      In designating Material as "Confidential," a party to this action, and any non-party from whom discovery is sought in connection with this action ("Production Party"), shall make such a designation only as to the Materials that the Producing Party in good faith believes constitutes or contains the following:  (a) personnel information of the current and former employees of Saati that are not parties to this action, including but not limited to, unlisted home address and telephone number, compensation and benefits information, physical and mental

health information, disciplinary records and evaluation records; (b) documents concerning

Saati's trade secrets as defined by the Illinois Trade Secrets Act, confidential business

information, customer information, vendor information, financial records, pricing and cost

information and documents identifying Saati's business strategies; and (c) Davis' physical and

mental health information and tax or financial information.

3.      "Confidential Material" shall be maintained in confidence by the party to whom

such material is produced ("Receiving Party") and shall not be disclosed to any person except:

(a)     Counsel for the respective parties (including their employees involved in the
litigation of this matter as a normal and routine part of their work for Counsel for
the respective parties) and the parties themselves (including current and former
employees who are, or who were, directly involved in the litigation of this matter
as a normal and routine part of their work);

(b)     Confidential Material may be used in all pretrial discovery proceedings, such as
depositions, and may be filed in Court, such as in support of or in opposition to
summary judgment, or other motions without limitations other than those set
forth in paragraph 8 or by order of Court;

(c)     third parties specifically engaged by Counsel for the respective parties for the
purpose of assisting in this litigation, provided that any such third party has
signed an undertaking in the form of Exhibit A attached hereto, which
undertaking shall be obtained and retained by the counsel who retained the third
party until such time as it may be filed with the court; and

(d)     mediators, facilitators, or others engaged specifically for the purpose of
alternative dispute resolution in this matter.

4.      Material produced without the designation of "Confidential" may be so

designated subsequent to production when the Producing Party failed to make such designation

at the time of production through inadvertence or error, provided correction occurs within twenty

days of discovery of the inadvertence or error.  If Material is designated as "Confidential"

subsequent to production, the Receiving Party promptly shall collect any copies that have been

provided to individuals other than those identified in paragraph 3 of this Order.

5.　Nothing herein shall prohibit either party from seeking an Order that re-designates Discovery Materials to remove "Confidential" treatment; or that otherwise affects the treatment of Discovery Materials.

6.　Other than as provided in paragraph 4 above, no designation of "Confidential" shall be effective unless such material is marked "Confidential."

7.　All Discovery Material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant.　The parties will notify each other of receipt of such orders, subpoenas, or warrant prior to producing the documents.

8.　Only documents containing the following types of Confidential Materials should be filed with the Court under seal: social security numbers; physical and mental health information; confidential business information; and trade secrets as defined by the Illinois Trade Secrets Act.　However, such documents can be filed under normal Court procedures if the Confidential Material listed in paragraph 8 has been redacted or otherwise removed from the document.

9.　The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)　was, is, or became public knowledge in a manner other than by violation of this Order;

(b)　is acquired from a third party having the right to disclose such information or material; or

(c)　was lawfully possessed prior to the entry by the Court of this Order.

10.    Nothing herein shall prohibit any party or any interested member of the public from seeking an Order that designated discovery material is not entitled to "Confidential" treatment, or that otherwise affects the treatment of discovery material.  Should a party or interested member of the public challenge the propriety of designating particular information as "Confidential," the burden shall be on the party that designated the material as "Confidential" to establish the grounds for confidential treatment of that particular information.

11.    If a party desires to use Confidential Material at trial, it will notify all other parties two weeks before the pretrial conference, so the parties may request an order from the Court governing the use of such Confidential Material at trial.

12.    Upon conclusion of the litigation in this case, the Receiving Party of Confidential Material shall return or destroy all originals and copies of the Confidential Material in their possession, custody or control to the Producing Party (including any Discovery Materials contemplated under Paragraph 3(d)).  If such Confidential Material is destroyed, Receiving Party shall certify its destruction to the Producing Party.

13.    This Agreed Protective Order shall have no evidentiary value and shall not be admissible into evidence.

14.    Any person violating this Agreed Protective Order will be subject to appropriate sanctions.

For Plaintiff:                                         For Defendant:

By: /s/ Lisa Kane_____        By: __/s/ James F. Botana_____

Lisa Kane                                            James F. Botana
Lisa Kane & Associates P.C.                Sara A. Weinberg
120 S. LaSalle Street, Suite 1420         Jackson Lewis, LLP
Chicago, Illinois 60603                         320 West Ohio Street, Suite 500
Tel: 312.606.0383                                Chicago, Illinois 60654
Fax: 312.606.0765                               Tel:  312.787.4949
                                                          Fax:  312.787.4995

ENTERED:

Dated: July \_\_, 2008                              _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1817 |
| | ) | District Judge John W. Darrah |
| SAATI AMERICAS, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**EXHIBIT "A"**

I, _____, have read and understand the terms of the Protective Order prepared in this action.  I understand and agree to be bound by the terms of the order.  I also understand that I may not take possession of said documents at any time unless authorized by an attorney for one of the parties and that I may not make copies of said documents.  I understand that any violation of the terms of said order as determined by this Court shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

Dated:_____          By:_____

Name:_____

Company:_____


Subscribed and sworn to before me
This __ day of _____

_____
Notary Public